WEBSTER. The MAUD. See Cases Nos. 9,302 and 9,303.

———

## Case No. 17,341.

WEBSTER LOOM CO. v. HIGGINS et al.

[13 Batchf. 349;[1] 9 O. G. 965.]

Circuit Court, S. D. New York. May 13, 1876.

PATENT INFRINGEMENT SUITS — AMENDMENTS TO ANSWER—NEW DEFENSES.

In a suit in equity on a patent, the defendant, more than one year after the plaintiff's proofs were closed, moved to amend the sworn answer, by averring, on information and belief, that the patented invention was in public use for more than two years before the patent was applied for, and that it was described in a prior patent granted by the United States. The only excuse offered for not inserting the first defence in the original answer was, that the counsel who prepared such answer was under the impression that the suit was subject to the law as it stood prior to the patent act of July 8, 1870 [16 Stat. 198]. As to the second defence, the excuse was,

———

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

that such counsel had no knowledge or information of any description in any patent prior to the plaintiff's, of a certain device: *Held*, that the motion must be denied.

[Cited in De Florez v. Raynolds, Case No. 3,-743; Page v. Holmes Burglar-Alarm Tel. Co., 2 Fed. 333; Spill v. Celluloid Manuf'g Co., 22 Fed. 97; Witters v. Sowles, 31 Fed. 10; Rice v. Ege, 42 Fed. 660.]

[Bill by the Webster Loom Company against Elias S. Higgins and others for infringement of letters patent No. 130,961, issued Aug. 27, 1872, to William Webster for an improvement in looms for weaving pile fabrics.]

Clarence A. Seward, for plaintiff.

George Gifford, for defendants.

JOHNSON, Circuit Judge. The answer in this case was sworn to on the 4th of September, 1874, a replication was filed, and the complainant's proofs were taken and were closed on the 9th of October in that year. On the 30th of December, 1875, the defendants gave notice of the present motion to amend their former answer, by interposing two new defences. They seek to aver, on information and belief, that the complainant's alleged invention was in public use for more than two years prior to the application for the letters patent to Webster, and that the same is described in letters patent of the United States, granted to William Weild. dated January 13th, 1857, and numbered 16,415.

The only excuse offered for the omission to insert the first of these proposed defences in the original answer is found in the affidavit of the defendants' counsel who prepared the answer, that, when he prepared it, he omitted to state the fact now proposed to be inserted, because he was under the impression that the suit was subject to the law as it stood prior to the patent act approved July 8th, 1870. He does not say that his impression has since changed, although that may, perhaps, be inferred from his present motion; nor is it claimed that the facts were not known at the time when the answer was interposed. If the suit is governed. in the respect in question, by the act of July 8th, 1870, or by the equivalent provision of the Revised Statutes, and if the law is, that a public use in this country for more than two years before the application of an inventor for a patent, bars his right to a patent, or avoids the patent after it has been granted, irrespective of his consent to, or acquiescence in, such use. then I think that a party who wishes to avail himself of such a defence, ought, under all ordinary circumstances, to do so at the earliest opportunity. If he fails to do so, something more must be established than that he has been guilty of laches, to induce a court to excuse his neglect and allow so harsh a defence to be interposed.

Nor do I think the defendants entitle themselves to be now allowed to interpose the other defence proposed. The patent they seek to set up as an anticipation of the Webster patent they owned for a number of years and until it expired. They must be taken to have known its specification and claims. Their counsel does not state that he was not acquainted with the patent, nor that he had not, before the answer was put in, examined and considered the specification. His statement falls very far short of that. It is, that, when he prepared the answer, he had no knowledge or information of any description in any patent prior to the patent on which the suit is brought, of a cylinderwire motion such as is referred to in the affidavits of Duckworth and Hicks. He does not say that he has any such knowledge now, nor give the court any reason to consider that he finds in that patent what the two affiants, Duckworth and Hicks, are understood to say they conceive to be described there. These persons also base their statements upon the ground of a particular construction to be put on a claim in the Webster patent, which the plaintiffs do not assert and have not asserted, and which seems to me quite incapable of being maintained. I am of opinion, therefore, that justice does not require that the amendment should be permitted to be made, in view as well of the laches which has occurred, as of the substance of the amendment itself.

The motion to amend the answer must be denied.

[For other cases involving this patent. see note to Webster Loom Co. v. Higgins, Case No. 17,-342.]